# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,[1]<br>*ex rel*., Eric S. Montalvo and Christopher Kannady,<br>    *Plaintiff/Relators*,<br><br>v.<br><br>NATIVE AMERICAN SERVICES CORP, an Idaho Corporation,<br>    *Defendant*,<br><br>And<br><br>TEUSEL HUNDEN d/b/a Sasquatch Construction, LLC,[2]<br>    *Third-Party Plaintiff*,<br>v.<br><br>NATIVE AMERICAN SERVICES, CORP, an Idaho Corporation,<br>    *Third-Party Defendant*. | Case No. CIV-15-122-RAW |

## ORDER

On August 7, 2017, Plaintiff by and through Relators (hereinafter "Plaintiff") filed a Second Amended Complaint, alleging fraud pursuant to the False Claims Act, 31 U.S.C. § 3729, *et seq* (hereinafter "FCA").[3] Plaintiff brings the following three claims: that Defendant: (1) knowingly presented or caused to be presented false or fraudulent claims for payment to the United States in violation of § 3729(a)(1)(A); (2) knowingly made, used, or caused to be made or

---

[1] The Government has declined intervention. See Docket No. 59, at 9.
[2] The Relators are the sole owners of the Third-Party Plaintiff. See Docket No. 51, at 3.
[3] Included in the Second Amended Complaint was also the Third-Party Plaintiff's claim for breach of contract. On November 27, 2017, however, this court granted Defendant's motion to dismiss and compel arbitration of the contract claims.

used, false records or statements to get false or fraudulent claims paid by the United States in violation of § 3729(a)(1)(B); and (3) knowingly accepted and retained funds to which it was not entitled in violation of § 3729(a)(1)(G). Plaintiff's claims are based on its allegations that Defendant knowingly directed the Third-Party Plaintiff to pour concrete over tree roots and stems, which resulted in slabs that cracked, and that Defendant disposed of hazardous waste, namely asbestos, at a site that was not certified in violation of State and Federal laws and regulations.[4]

Now before the court is Defendant's motion for summary judgment [Docket No. 74]. Defendant argues that it is entitled to summary judgment as to the fraud claims because Plaintiff has not brought forth evidence that Defendant provided defective or deficient work, that Defendant made any false representations to the government, that Defendant improperly dumped hazardous materials, or that Defendant made false claims for payment to the government for work completed.

**STANDARD OF REVIEW**

The court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In applying the summary judgment standard, the court views the evidence and draws reasonable inferences therefrom in the light most favorable to the

---

[4] Attached to the Second Amended Complaint are papers from three subcontracts between the Third-Party Plaintiff and Defendant and a list of contracts between Defendant and the Government.

nonmoving party.  Burke v. Utah Transit Auth. & Local 382, 462 F.3d 1253, 1258 (10th Cir. 2006).  At this stage, however, Plaintiffs may not rely on mere allegations, but must have set forth, by affidavit or other evidence, specific facts in support of their complaint.  Id.

"Conclusory allegations that are unsubstantiated do not create an issue of fact and are insufficient to oppose summary judgment."  Harvey Barnett, Inc. v. Shidler, 338 F.3d 1125, 1136 (10th Cir. 2003) (citation omitted).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  Additionally, while court need consider only the cited materials, "it may consider other materials in the record."  Fed. R. Civ. P. 56(c)(3).

"[A]ffidavits must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient."  Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991).  The court disregards "inadmissible hearsay statements *contained* in affidavits, as those statements could not be presented at trial in any form."  Argo v. Blue Cross and Blue Shield of Kansas, Inc., 452 F.3d 1193, 1199 (10th Cir. 2006) (emphasis in original).  Similarly, "[t]estimony which is grounded on speculation does not suffice to create a genuine issue of material fact to withstand summary judgment."  Bones v. Honeywell Int'l, Inc., 366 F.3d 869, 876 (10th Cir. 2004).

"A movant is not always required to come forward with affidavits or other evidence to obtain summary judgment; once the movant points out an absence of proof on an essential

element of the nonmovant's case, the burden shifts to the nonmovant to provide evidence to the contrary." Hall, 935 F.2d at 1111, n. 5.

**DISPUTED / UNDISPUTED MATERIAL FACTS**

In its motion for summary judgment, Defendant lists 21 "undisputed material facts." Plaintiff disputes some of those facts and adds 8 more of its own. In disputing Defendant's "undisputed material facts," Plaintiff cites to only one piece of evidence – the Affidavit of Wayne Kannady. Plaintiff points to no other evidence.[5] Plaintiff includes no citation to evidence in support of its own "undisputed facts." Wayne Kannady avers:

1. I am a resident of Indianola, Oklahoma.

2. I was employed by Sasquatch as a foreman from 2011 to 2013.

3. I am familiar with Bobby Stowers as being the job supervisor, or foreman, for NASCO, and the person from which I received instructions regarding performing work for NASCO at the McAlester Ammunition site.

4. On multiple occasions I told Bobby Stowers of the trees and roots, sometimes stems, in the pad where we were told to pour concrete before the pads for buildings was properly prepared.

5. I was the Sasquatch representative on site, at the McAlester Ammunition site, and I took my on-site orders, instructions, etc., from Bobby Stowers, an employee of NASCO.

6. From my experience and common knowledge, if you pour concrete over wooden objects, the wood rots and creates a void in the pour, thus making the slab weaker and subject to cracking.

---

[5] Of course, the court also considers the attachments to the Second Amended Complaint – a list of contracts Defendant had with the Government and evidence of three subcontracts the Third-Party Plaintiff had with Defendant.

The only disputed fact before the court is whether Defendant knew of tree roots and stems in concrete pads and directed the Third-Party Plaintiff to pour concrete over them. Also before the court is Wayne Kannady's opinion that if concrete is poured over wood, the wood rots and creates a void, thus making the slab weaker and subject to cracking.[6] As to all other issues, Plaintiff has brought forth no evidence, as is required to oppose summary judgment.

As Plaintiff has brought forth no evidence whatsoever that Defendant illegally disposed of any hazardous waste, summary judgment is granted as to any claims based on those allegations. The court examines Plaintiff's allegations with regard to the concrete pads below.

**ANALYSIS**

Plaintiff brought claims under 31 U.S.C. §§ 3729(a)(1)(A), (B), and (G).[7] The FCA authorizes individuals to bring *qui tam* actions on behalf of the Government and imposes liability on any person who:

- knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;
- knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;
- knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government.

---

[6] This arguably requires expert testimony. Wayne Kannady's statement, of course, does not qualify as an expert report under Federal Rule of Civil Procedure 26.
[7] Previous versions were at §§ 3729(a)(1), (2), and (7).

31 U.S.C. §§ 3729(a)(1)(A), (B), and (G).[8]  "To give rise to liability under the FCA, the submitted claim must be both knowingly and materially false." United States v. The Boeing Co., 825 F.3d 1138, 1148 (10th Cir. 2016).

For purposes of the FCA, a claim is false if it is either factually or legally false.  Id.  A payee makes a factually false claim by "submitting an incorrect description of the goods or services provided" and a legally false claim by expressly or impliedly "certifying compliance with a statute or regulation as a condition to government payment but knowingly failing to comply with that statute or regulation." Id.

In this case, Plaintiff alleges that Defendant's claim for payment for work completed under its contract with the Government was false because Defendant knew and concealed from the Government obvious defects in the ground preparation before pouring concrete.  Again, the only evidence Plaintiff has presented in opposition to summary judgment is an Affidavit by Wayne Kannady stating that he told Defendant of tree roots and stems in concrete pads and stating his opinion that pouring concrete over wood results in a defective slab.  Taking that evidence in the light most favorable to Plaintiff, it simply is not enough.

First, and most importantly, Plaintiff has presented no evidence with regard to any express or implied representations Defendant made to the Government, no evidence of any contract requirements in any of the contracts between Defendant and the Government, and no

---

[8] "To prove a 'reverse false claim' under FCA section 3729(a)(1)(G) a relator must show that: (1) the defendant knowingly made a materially false record or statement; (2) to improperly avoid or decrease an obligation to pay or transmit money or property to the government." United States ex rel. Wagner v. Care Plus Home Health Care, Inc., No. 15-CV-260-GKF-JFJ, 2017 WL 6329850, at *6 (N.D. Okla. Dec. 11, 2017) (citations omitted).  Plaintiff alleges that Defendant retained funds in violation of this provision.

evidence of any statutory or regulatory standards applicable to Defendant's contracts with the Government.

For purposes of this motion, the court accepts Plaintiff's allegation that Defendant knew there were wooden objects in the slabs and directed its subcontractor to pour concrete over them. Other than Wayne Kannady's "experience and common knowledge," however, Plaintiff has brought forth no evidence that any work performed by Defendant or its subcontractor did not comply with any particular specification or requirement, be it industry standard or otherwise. Additionally, Plaintiff has brought forth no evidence that any slabs were, in fact, defective. Plaintiff has brought forth no evidence of any damage to the Government. Most importantly, as stated above, Plaintiff has brought forth no evidence that any work done by Defendant or its subcontractor failed to conform with requirements in Defendant's contracts with the Government and no evidence that Defendant expressly or impliedly made any false certifications or representations to the Government. Plaintiff has not established its claims, and thus summary judgment is appropriate.

**CONCLUSION**

Accordingly, for the reasons set forth above, the motion for summary judgment [Docket No. 74] is hereby GRANTED.

**IT IS SO ORDERED** this 13th day of March, 2018.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**